IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEMYRON BISHOP,

    Plaintiff,

vs.                                                No. CV 19-00833 KWR/GBW

FEDERAL GOVERNMENT
(AS A WHOLE),

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on the "Motion of Different/Change of Judgement; Change of Decision/Position of Outcome; Credential; File In of Changes" ("Complaint") filed by Plaintiff, LeMyron Bishop. (Doc. 1). The Court will dismiss the Complaint for failure to state a claim and as frivolous under 28 U.S.C. §1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## I. Factual and Procedural Background

Plaintiff, LeMyron Bishop, is a prisoner incarcerated at the Eddy County Detention Center. (Doc. 8). Plaintiff Bishop is proceeding pro se. This is one of several cases filed by Plaintiff Bishop. *See* CV 19-00600 RB/CG, CV 19-01037 JCH/JFR, CV 19-01129 RB/GJF, and CV 20-00087 WJ/GJF. Plaintiff filed his Complaint on September 9, 2019. (Doc. 1). Plaintiff Bishop names, as Defendant, the "Federal Government (As A Whole)." (Doc. 1 at 1). Plaintiff alleges:

> "Hello again, this is LeMyron Bishop, writing in this motion to fire all judges, due to false schooling and/or certifications using fraud/illegal alias system to judge others."

(Doc. 1 at 1). Bishop further claims:

> "I have also been fraudulently denied on legal request, due to OUR United States President and his colleges invading my

1

> privacy and leaving me homeless for some time now. With this
> case I would like to file in Human Trafficing on the WHOLE
> Federal Government . . ."

(Doc. 1 at 1).

> "so even if a crime is commited by myself and/or any others hired
> by me, you cannot handcuff and/or put me and/or us in jail due multiple
> violations and standards of the U.S.C. like I said before there has been
> a law book of Laws broken upon me."

(Doc. 1 at 1-2). Plaintiff concludes by stating:

> "Now that Everyone has felonies on their records other than myself,
> I AM G.O.D. (Global Official Director) and have come back for the
> fair treat ment of ALL throughout the World. Thank you for your
> time in this review of the Return of the King."

(Doc. 1 at 3). Although his Complaint is difficult to discern, Plaintiff Bishop appears to allege violations of federal laws against him by federal officials. Therefore, the Court characterizes his filing as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

Also pending before the Court are Plaintiff Bishop's Motion to Esponiage of All Prior Matters/Transactions (Doc. 2), Motion to Broadcast Case Credentials on a World Wide Casting (Doc. 3), Motion to Restore Right to Posses ammunition and/or a firearm (Doc. 4), Motion of an Immediate Full Shutdown of Premises for Inspectional Purposes (Doc. 5), and Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10). The Court grants Plaintiff Bishop leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and denies all other pending motions as moot in light of the dismissal of all Plaintiff's claims in this case.

## II. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief

may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's

3

pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### III. Plaintiff's Complaint Fails to State a Claim for Relief and is Frivolous

**A. Plaintiff Fails to State a Claim for Relief Against Federal Officials under *Bivens*:** A civil rights action against a public official or entity may not be based generalized allegations or a theory of respondeat superior liability. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983 or *Bivens.* *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a civil rights action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Bishop does not identify any individual federal official but, instead, asserts claims against "everyone," the "federal government as a whole," and "ALL personnel." (Doc. 1 at 1-2). Bishop does not allege personal involvement by any identified officials, nor does he present any plausible facts supporting any constitutional claim for relief. *Fogarty v. Gallegos,* 523 F.3d at

4

1162; *Robbins v. Oklahoma,* 519 F.3d at 1249-50.  Bishop's Complaint fails to state a civil rights claim for relief.  *Iqbal,* 556 U.S. at 676.

**B.  Plaintiff's Claims are Frivolous and Delusional:**  By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening.  28 U.S.C. § 1915A(a).  Section 1915A provides:  "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...."  28 U.S.C. § 1915A(a),(b)(l).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1108 (10th Cir.1991) (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible.  *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28.  Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019).

Plaintiff Bishop's claims that the entire federal government is engaged in some vague human trafficking scheme, that he is God, that he is the owner of "all," and that he is bringing about some new world order are delusional, irrational, and wholly incredible.  (Doc. 1 at 1-3). Plaintiff's Complaint is lacking any legal or factual basis and is meritless.  *Neitzke v. Williams*, 490 U.S. at 325–30.  Therefore, the Court will dismiss the Complaint under 28 U.S.C. §§ 1915A, 1915(d), and 1915(e)(2)(B).

## IV. Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Complaint would be futile. As set out, above, Bishop's claims are frivolous and unsupported by any coherent factual allegations. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

## V. The Court Will Impose a § 1915(g) Strike

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199,

202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Bishop's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B) and is frivolous, the Court will impose a strike against him under the Prison Litigation Reform Act§ 1915(g). Bishop is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10) filed by Plaintiff LeMyron Bishop is **GRANTED**;

(2) Plaintiff Bishop's Motion to Esponiage of All Prior Matters/Transactions (Doc. 2), Motion to Broadcast Case Credentials on a World Wide Casting (Doc. 3), Motion to Restore Right to Posses ammunition and/or a firearm (Doc. 4), and Motion of an Immediate Full Shutdown of Premises for Inspectional Purposes (Doc. 5) are **DENIED** as moot in light of dismissal of this case;

(3) Plaintiff LeMyron Bishop's Motion of Different/Change of Judgement; Change of Decision/Position of Outcome; Credential; File In of Changes (Complaint) (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim and as frivolous; and

(4) a **STRIKE** is imposed against Plaintiff Bishop under 28 U.S.C. § 1915(g).

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE